1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JESUS QUINONES RODRIGUEZ,

          Petitioner,

       v.

MCGREW, Warden,

          Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. EDCV12-1657-RGK (JEM)

MEMORANDUM AND ORDER
DISMISSING PETITION WITH LEAVE TO
AMEND

      On October 1, 2012, Jesus Quinones Rodriguez ("Petitioner"), a federal prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition").  Petitioner appears to claim that his due process rights were violated in connection with prison disciplinary proceedings against him.  (Petition at 1-2.)  Petitioner never indicates the sanctions, if any, that were imposed against him as a result of the disciplinary proceedings.  Accordingly, Plaintiff has failed to state that the allegedly unconstitutional proceedings affected the fact or duration of his confinement.

      The Petition must be dismissed with leave to amend because Plaintiff has failed to state a claim that is cognizable on federal habeas review.

**DISCUSSION**

1

2       A person claiming to be "in custody in violation of the Constitution or laws or treaties

3   of the United States" may seek relief in a petition for a writ of habeas corpus.  28 U.S.C. §

4   2241(c)(3).  However, where a person challenges the conditions of his confinement, his

5   claims are cognizable in a civil rights action rather than a habeas corpus action.  Preiser v.

6   Rodriguez, 411 U.S. 475, 484-86 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir.

7   2003).  In the federal context, Bivens v. Six Unknown Named Agents of Federal Bureau of

8   Narcotics, 403 U.S. 388 (1971), provides petitioners with a remedy for violation of civil rights

9   by federal actors.  C.f., Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to

10  conditions of confinement by state prisoners should be presented in a 42 U.S.C. § 1983 civil

11  rights action rather than a habeas corpus petition).

12      Petitioner appears to allege that prison staff falsified charges against him for failing a

13  drug test.  (Petition at 2.)  However, Petitioner never indicates whether sanctions imposed

14  against him affected the fact or duration of his confinement, e.g., by the loss of time credits

15  or other disciplinary measures.  If the fact or duration of Petitioner's sentence was not

16  affected by the allegedly unconstitutional disciplinary proceedings, Petitioner cannot state a

17  cognizable habeas claim.  Rather, he must challenge the disciplinary proceedings in a civil

18  rights action under Bivens.  See Muhammad v. Close, 540 U.S. 749, 750 (2004) (per

19  curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration

20  are the province of habeas corpus [;] . . . requests for relief turning on circumstances of

21  confinement may be presented in a § 1983 action."); Crawford v. Bell, 599 F.2d 890, 891-92

22  & n. 1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to

23  terms and conditions of confinement must be brought in civil rights complaint).

24      Accordingly, Petitioner has failed to allege sufficient facts to demonstrate that the

25  alleged constitutional deprivation affected the fact or duration of his confinement, and the

26  Petition must be dismissed with leave to amend.  If Petitioner can allege that the

27  unconstitutional disciplinary proceedings affected the fact or duration of his confinement, he

28

1    may file a First Amended Petition.  Otherwise, this dismissal is without prejudice to

2    Petitioner re-filing his claim in a new civil rights action under <u>Bivens</u>.

3         Petitioner also failed to use the approved Central District habeas form.  <u>See</u> Local

4    Rule 83-16.1.  The Clerk is directed to send Petitioner a blank form Petition for Writ of

5    Habeas Corpus By a Person in Federal Custody (28 U.S.C. § 2241) (Form CV-27) in the

6    even that Petitioner decides to file an amended petition.

7                           * * * *

8         For the foregoing reasons, the Petition is **DISMISSED WITH LEAVE TO AMEND**.  If

9    Petitioner elects to pursue this case as a habeas action, he is **ORDERED** to file an

10    amended petition rectifying the deficiencies identified above no later than **November 10,**

11    **2012**.  Petitioner is to use the blank form Petition for Writ of Habeas Corpus By a Person in

12    Federal Custody (28 U.S.C. § 2241) sent to him by the Clerk.

13         The amended petition shall reflect the same case number as the petition, be clearly

14    labeled "First Amended Petition," and be filled out completely.

15         Petitioner shall immediately notify the Court of any change to Petitioner's address.  If

16    Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action

17    will be subject to dismissal for failure to prosecute and failure to comply with a court order.

18    <u>See</u> Local Rule 41-6.

19         Finally, Petitioner is cautioned that his failure to file a First Amended Petition by

20    **November 10, 2012**, may result in a recommendation that this action be dismissed without

21    prejudice for failure to prosecute and/or failure to comply with a court order.  No extension of

22    this deadline will be granted absent a showing of good cause.

23         **IT IS SO ORDERED.**

24

25    DATED: <u>October 10, 2012</u>               <u>*/s/ John E. McDermott*</u>

26                                  JOHN E. MCDERMOTT
                                    UNITED STATES MAGISTRATE JUDGE

27

28